IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL ANTONIO WOMACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11CV936 |
| v. | ) | 1:07CR104-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Antonio Womack, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #57]. On June 25, 2007, Petitioner was convicted of one count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count Two). He received concurrent sentences of 120 months imprisonment on the firearm count (Count One) and 240 months imprisonment on the drug conviction (Count Two). After an unsuccessful direct appeal, Petitioner brought the present Motion [Doc. #57].

Petitioner claims in his Motion that an Information of Prior Conviction filed by the Government under 21 U.S.C. § 851, which led to an enhanced sentence on his drug conviction (Count Two) is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the Information was based on a state conviction that was not punishable by more than one year of imprisonment. Likewise, Petitioner contends that his conviction under 18 U.S.C. § 922(g)(1) is invalid because the prior

North Carolina state conviction listed in the Indictment was not punishable by more than one year of imprisonment in light of Simmons. After initially opposing Petitioner's Motion, the Government has now filed a Supplemental Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction and in the Indictment supporting the § 922(g)(1) charge would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] Based on this determination, the Government concedes that relief should be granted pursuant to 28 U.S.C. § 2255, that the § 922(g)(1) conviction should be vacated, that the sentence in this case should be vacated, and that this matter should be set for resentencing. Petitioner, through counsel, affirms this position. The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[2]

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255, and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but whose indictment relied on a predicate conviction that would not be a felony conviction in light of Simmons. See also United States v. Hampton, 1:08CR231-3 (M.D.N.C. Aug. 23, 2012) (vacating conviction and dismissing supervised release revocation hearing based on Government's concession in light of Simmons); United States v. Sheets, 1:08CR418-1 (M.D.N.C. Aug. 8, 2012) (vacating conviction on § 2255 Motion based on the Government's concession in light of Simmons); United States v. Cherry, 1:10CR271-1 (M.D.N.C. Aug. 1, 2012) (recommending that a § 922(g)(1) conviction be vacated on a § 2255 Motion rasing a Simmons claim, based on a concession by
(continued...)

The Court has reviewed the state court judgment reflecting Petitioner's prior conviction that was set out in the Information of Prior Conviction and in Count One of the Indictment, and the Court notes that Petitioner's prior conviction was a Class I felony with a prior record level of II. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses

---

²(...continued)
the Government that "the claim raised in this ground is cognizable under 28 U.S.C. § 2255"). In taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to those defendants who were convicted under 18 U.S.C. § 922(g)(1) but whose conviction was based on a predicate offense that is not a felony conviction in light of Simmons. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes").
    This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.
    The Court also notes that the Government has agreed that resentencing is appropriate in this case. On this issue, the Court notes that trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Thus, in the present case, in light of the Government's agreement that Count One should be vacated, and in light of the sentencing issues that have been raised and the Government's agreement that resentencing is necessary, it would be appropriate to set this case for resentencing to resolve any remaining sentencing issues as to Count Two.
    Moreover, with respect to Count Two, it appears that the Government has further taken the position in this case that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons, and if the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), based on an enhanced range of twenty years to life imprisonment rather than the otherwise-applicable range of ten years to life, where the enhanced mandatory minimum was above the otherwise-applicable sentencing range under the United States Sentencing Guidelines. The Court takes it as the position of the Government that the sentence on Count Two is "otherwise subject to collateral attack" under 28 U.S.C. § 2255 in these circumstances. The Court will proceed on the basis of this concession, but notes that resentencing as to Count Two would be within the Court's discretion in any event in light of the agreement that the conviction as to Count One should be vacated under § 2255.

3

committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that his conviction under Count One of the Indictment be vacated, and that he be resentenced as to Count Two.[3]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #57] be GRANTED, that the Judgment [Doc. #26] be VACATED, that Count One of the Indictment [Doc. #3] be DISMISSED, and that this matter be set for resentencing as to Count Two.

This, the 23rd day of April, 2013.

                                                              /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge

---

[3] Petitioner also raises a claim in his Motion contending that he should be resentenced under the Fair Sentencing Act of 2010, and contending that he should receive the benefit of amendments to the United States Sentencing Guidelines. In light of the Recommendation that this matter be set for resentencing, those issues are best addressed at any resentencing hearing.

4